## HAMBERGER *v.* BROOKER *et al.*

Parol testimony is admissible to establish the existence of a waiver of condemnation, which had been a record and become lost.

**Error to the District Court of Philadelphia county.**

Opinion delivered February 24, 1874, by

GORDON, J. It is not within the lines of reasonable debate that a sheriff's sale of land on a fi. fa. without waiver of inquisition by the defendant is not merely voidable, but absolutely void. Neither can such waiver be made or established by parol; it must be done "by writing filed in the proper court." These questions do not enter into the matter now in suit.

The proof offered and made in the court below was of a lost record. Wm. Paul swears: "I was execution clerk under the sheriff in 1838, and remember the sale of this property. It was sold under a *pluries fi. fa.* and waiver of inquisition. The waiver was signed by H. Crumley, and sealed on the fi. fa with a wafer. Some years after, I had occasion to examine the record, and found the waiver and description torn off the writ. I was witness to the sheriff's deed and recollect the waiver of condemnation." The sheriff's deed also sets forth the existence of such a waiver as filed among the records of the court. This evidence, if believed, was sufficient to establish the fact of such a record and its loss. The only question then is, can parol testimony be admitted to supply such lost record. Justice Thompson, in the case of Miltimore *v.* Miltimore, says that such testimony is admissible, and that since the cases of Harvey *v.* Thomas, 10 Watts 63; Loughrey *v.* McCullough, 1 Barr 503, and the Farmers' Bank of Reading, 6 Barr 51, the question is not an open one. It follows, therefore, that we would be making terrible havoc among precedent decisions did we not affirm the ruling of the court below.

Judgment affirmed.